United States District Court
Southern District of Texas
FILED

OCT 06 2022

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas

**ENTERED**
October 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EFRAIN GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-0257 |
| | § | |
| WESLACO POLICE DEPARTMENT, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff EFRAIN GARZA, appearing pro se, brings this civil rights action for money damages under 42 U.S.C. § 1983, alleging that he was improperly stopped and frisked on several occasions by an officer with the police department for the City of Weslaco. (*See* Dkt. No. 1 at 3-4). Since filing his complaint, Plaintiff has submitted a *Motion for Voluntary Dismissal* (the "Motion") (Dkt. No. 8) pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Upon review of the record and the relevant law, the Magistrate Judge RECOMMENDS that the Motion (Dkt. No. 8) be GRANTED and that this case be DISMISSED without prejudice pursuant to Rule 41(a)(2).

### I. BACKGROUND

In August of 2022, Plaintiff filed the complaint in this case. (Dkt. No. 1). At the time, Plaintiff was being held in pretrial detention at the Hidalgo County jail.[1] (*See id.* at 3; *see also* Dkt. No. 1-1). Plaintiff did not pay the civil action filing fee but, rather, attached to the complaint

---

[1] Plaintiff's jail records can be found by running his name through the Hidalgo County Records Inquiry page at https://pa.co.hidalgo.tx.us/JailingSearch.aspx?ID=400.

an application to proceed in forma pauperis, which included an affidavit of indigency. (Dkt. No. 2). Also included as part of the application were commissary receipts reflecting the balances in Plaintiff's institutional trust fund account. (Dkt. No. 3).

The Magistrate Judge advised Plaintiff that the commissary receipts failed to satisfy 28 U.S.C. § 1915(a)(2) of the Prison Litigation Reform Act. (Dkt. No. 4 at 1). For reference, under § 1915(a)(2), any prisoner seeking in forma pauperis status in federal court must submit a certified copy of the trust fund account statement "for the 6-month period immediately preceding the filing of the complaint" from any institutions in which they have been confined. 28 U.S.C. § 1915(a)(2). Plaintiff was given an opportunity to either (1) submit his trust fund account statement, together with explanatory briefing as to certain income-related discrepancies in the application to proceed in forma pauperis, or (2) pay the civil action filing fee. (Dkt. No. 4 at 2).

Plaintiff filed explanatory briefing that addressed both his inability to obtain the trust fund account statement from institutional officials and the income-related discrepancies. (Dkt. No. 6).

On September 9, 2022, noting that the application appeared to be meritorious, the Magistrate Judge advised Plaintiff about proceeding in forma pauperis, including the requirement that he pay the full filing fee by installments pursuant to 28 U.S.C. § 1915(b).[2] (Dkt. No. 7 at 1-2). The Magistrate Judge also advised Plaintiff that, if he did not wish to pay the statutory filing fee, he was free to seek voluntary dismissal of this action by executing and filing with the Clerk of Court an attached form motion for voluntary dismissal. (*Id.* at 3-4). Plaintiff was advised that

---

[2] For reference, § 1915(b)(1) provides, in part, that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Section 1915(b)(2) goes on to provide, in part, that "[a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.* § 1915(b)(2).

he had 30 days to file the motion or else it would be assumed that he intended to proceed with the action and the application to proceed in forma pauperis would be formally considered. (*Id.* at 3).

Plaintiff's jail records indicate that he was released from pretrial detention on September 23, 2022.

Following his release from pretrial detention, Plaintiff prepared and submitted the Motion, which is signed and dated September 25, 2022. (*See* Dkt. No. 8). For reference, the Motion reads in full as follows:

> I, Efrain Garza, Plaintiff, seek the voluntary dismissal of this action under Rule 41(a) of the Federal Rules of Civil Procedure.

(*Id.*). Plaintiff mailed the Motion from a residential address. (*See* Dkt. No. 8-1).

## II. LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure concerns the voluntary dismissal of an action by court order. *See* Fed. R. Civ. P. 41(a)(2). Under Rule 41(a)(2), a district court has the discretion to grant a motion for dismissal "on terms that the court considers proper." *Id.* Dismissal under Rule 41(a)(2) is generally without prejudice unless otherwise indicated. *See id.* Rule 41(a)(2) motions "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). A non-moving party may be prejudiced for such purposes when, for example, the movant seeks dismissal either: (1) in the later stages of litigation after the non-movant has exerted significant time and effort; or (2) to avoid an imminent, adverse ruling. *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

## III. ANALYSIS

Here, the Motion should be granted and this action dismissed without prejudice as per the general rule. While Plaintiff has been released from pretrial detention, this should not affect his

decision to dismiss insofar as that decision is meant to avoid paying the civil action filing fee. Under Fifth Circuit law, a person remains subject to § 1915(b)'s prisoner filing fee requirements so long as they commenced an action while they were a prisoner.[3] *See Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) (holding that § 1915(b)'s prisoner filing fee requirement applies to prisoners who file a notice of appeal but are subsequently released); *see also Mack v. Texas Dep't of Crim. Just.*, 2006 WL 4707000, at *1 (N.D. Tex. Apr. 4, 2006) (holding that § 1915(g)'s "three strikes" provision applies to released prisoners because the language of subsection (g) and subsection (h), defining "prisoner," refer to the time when the action is filed); 28 U.S.C § 1915(h) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"). Furthermore, there is no reason to believe that any non-movants will be prejudiced by the dismissal, as the Magistrate Judge has yet to even screen the complaint for purposes of determining whether to recommend dismissal or proceed with service of process. *See* 28 U.S.C § 1915(e)(2)(B); *see also id.* § 1915A.

## IV. CONCLUSION

### *Recommended Disposition*

After review of the record and relevant law, the Magistrate Judge RECOMMENDS that the Motion (Dkt. No. 8) be GRANTED and that this case be DISMISSED without prejudice pursuant to Rule 41(a)(2).

---

[3] In theory, if Plaintiff still sought to bring this case but avoid the filing fee, he could simply re-file the complaint, together with a properly supported in forma pauperis application, after the instant dismissal.

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within 14 days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

**Directive to Clerk of Court**

The Clerk of Court is DIRECTED to forward a copy of this report to Plaintiff by any receipted means at his most recent address: 506 N. De Leon, Weslaco, Texas 78596.

The Clerk of Court is further DIRECTED to update Plaintiff's address on the docket sheet accordingly.

DONE at McAllen, Texas this 6th day of October 2022.

J. SCOTT HACKER
United States Magistrate Judge